

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
06 SEP 14 PM 3: 15
CLERK-ALBUQUERQUE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT LAZAR, an individual; )<br>JOY WHITE, an individual; and )<br>UNITED NUCLEAR SCIENTIFIC )<br>SUPPLIES, LLC, a corporation, )<br>)<br>Defendants. ) | CIV 06-0866 LCS RLP<br><br>**COMPLAINT FOR INJUNCTION** |

## NATURE OF THE CLAIM

1.      Plaintiff brings this action to obtain permanent injunctive relief halting

defendants' violations of the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261 *et*

*seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1267(a) and

28 U.S.C. §§ 1331, 1337, and 1345.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

## DEFENDANTS

4.      Defendant United Nuclear Scientific Supplies, LLC, (hereinafter referred to as

"United Nuclear"), is a limited liability company existing under the laws of New Mexico, with its

principal place of business at 45 Eastridge Road, in Edgewood, New Mexico. United Nuclear has been a distributor and retailer of chemicals and other fireworks components.

5. Defendant Robert Lazar is the president and founder of United Nuclear. At all times material to the Complaint, Robert Lazar answered customer questions, took orders from customers, and processed orders.

6. Defendant Joy White is United Nuclear's accountant. At all times material to the Complaint, Joy White processed customer orders.

## THE FEDERAL HAZARDOUS SUBSTANCES ACT

7. The U.S. Consumer Product Safety Commission ("CPSC") is an independent federal agency, authorized to administer the FHSA. 15 U.S.C. § 1261 *et seq*.

8. The CPSC is authorized by the FHSA, 15 U.S.C. § 1261(q)(1)(B), to promulgate regulations declaring a product a banned hazardous substance.

9. The CPSC has determined by regulations at 16 C.F.R. §§ 1500.17(a)(3) and (a)(8) that certain fireworks are "banned hazardous substances" as defined in 15 U.S.C. § 1261(q)(1)(B).

10. The CPSC regulations specify that "components" that are "intended to produce" banned fireworks are also banned hazardous substances. 16 C.F.R. §§ 1500.17(a)(3) and (a)(8).

11. The FHSA prohibits the introduction or delivery for introduction in interstate commerce of fireworks or firework components that are banned hazardous substances. 15 U.S.C. § 1263(a).

## THE DEFENDANTS' VIOLATIONS OF THE FHSA

12.     Among the chemicals in United Nuclear's product line are several that are commonly used to make illegal fireworks and other explosive devices, such as aluminum, magnesium, titanium, potassium chlorate, potassium perchlorate, potassium nitrate, and potassium permanganate.

13.     Although United Nuclear has sold only chemicals and related supplies and not completed explosive devices, the company has been a supply source for people manufacturing illegal explosives.

14.     Since at least 2002, the defendants have violated 15 U.S.C. § 1263(a) by introducing and delivering for introduction into interstate commerce components intended to produce fireworks that are banned hazardous substances.

15.     Based on defendants' past and present course of conduct, there is a substantial likelihood that, unless restrained by order of this Court, defendants will continue to introduce and deliver for introduction into interstate commerce, fireworks components that are banned hazardous substances in violation of 15 U.S.C. § 1263(a).

## RELIEF REQUESTED

WHEREFORE, pursuant to 15 U.S.C. § 1267(a) and Rule 65 of the Federal Rules of Civil Procedure, plaintiff respectfully requests that this Court enter the following orders:

(1)     a Permanent Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that directs defendants, and each and all of their officers, agents, employees,

attorneys, successors and assigns, and those persons in active concert or participation with them, to:

    (a)    stop participating in any transaction that involves selling, giving away, holding for sale, or otherwise distributing:

        A.    Any tubes, fuse and end caps;

        B.    To any delivery address, more than one pound of any oxidizer per twelve month period; or

        C.    To any individual, more than one pound of any oxidizer per twelve month period; or

        D.    Any fuel for which the particle size is finer than 100 mesh (or particles less than 150 microns in size);

    (b)    stop selling, giving away, or otherwise distributing any item where defendants know or have reason to believe that the recipient intends to use such item as a component of banned hazardous substances;

    (c)    within sixty (60) calendar days of the entry of this Decree, destroy, at their own cost, the inventory of all tubes, fuse, end caps, and fuels for which the particle size is finer than 100 mesh currently in their control and possession. Within twenty (20) calendar days of destroying all tubes, fuse, end caps, and fuels for which the particle size is finer than 100 mesh, submit to the CPSC a declaration of compliance that is consistent with 28 U.S.C. § 1746 and signed under penalty of perjury, and that sets forth precisely what tubes, fuse, end caps, and fuels for which the particle size is finer than 100 mesh were destroyed;

   (d) follow other reporting and recordkeeping requirements designed to prevent them from further violating the FHSA; and

   (e) grant CPSC investigators full access to their premises to investigate compliance with the FHSA.

  (2) Grant plaintiff judgment for its costs and for such other and further equitable relief that the Court deems just and proper.

  Dated this 14th day of September 2006.

          Respectfully submitted,

          PETER D. KEISLER
          Assistant Attorney General
          United States Department of Justice

          DAVID C. IGLESIAS
          United States Attorney

          By: LOUIS E. VALENCIA
          Assistant U.S. Attorney
          Post Office Box 607
          Albuquerque, New Mexico 87103
          (505) 224-1486


          EUGENE THIROLF
          Director
          Office of Consumer Litigation

          JEFFREY STEGER
          AMY GOLDFRANK
          Trial Attorneys

Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
P: (202) 307-0047
F: (202) 514-8742